63  173<br>71  625

MARIE E. PATTERSON, Appellant, v. THE MISSOURI
GLASS COMPANY, Respondent.

St. Louis Court of Appeals, October 29, 1895.

Agreement for Lease of Proposed Building: COMMENCEMENT OF
OBLIGATION OF LESSEE FOR RENT. An accepted proposition for the
construction and lease of a building provided that rent should begin
thirty days after the completion of the building. A subsequent
formal contract between the parties provided that the lessee should
enter into possession thirty days after notification of such completion,
and that the lease should then go into effect. Such notification hav-
ing been given, the lessee, at the direction of the lessor, entered into
the possession of the building at once on its completion. *Held*, that
the lessee's obligation for rent commenced not from the date of his
entry, but thirty days after the completion of the building.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

AFFIRMED.

*R. A. Bakewell* for appellant.

*Lubke & Muench* for respondent.

BOND, J.—On the twenty-third day of April, 1892, the plaintiff presented a written proposition to defendant to lease to it a building to be erected on a certain lot belonging to the plaintiff. The proposition contained a description of the proposed building, plan of its construction, and the method of ascertaining the rent to be paid. It also provided for the length of the term and a right of renewal, and put the offer to defendant in the following words: "I will rent you said building when completed, if you will now accept this offer, a lease to be dated and rent to begin thirty days after the completion thereof." This offer was accepted by respondent and an agreement made between the parties, of the twenty-fifth of May, 1892, which provided for the kind and cost of the building to be erected, and stipulated further as to the taking of possession and the operation of an annexed lease in the following language: "Said company shall take possession of said building thirty days after it is notified of its completion, and the annexed lease shall then become operative and go into effect, and either said Patterson or Rutledge or Kilpatrick, when said day is ascertained, shall fill in all blanks in said lease." In pursuance of this agreement a lease signed by the parties, containing blank spaces for amounts of monthly rents and date of term, was annexed thereto. Subsequently the amount of rent to be paid by the lessee was fixed at $1,472.92 per month. On the thirtieth of March, 1893, plaintiff, by her agents, addressed the following letter to defendant:

"*William Somerville, President Missouri Glass Company*:

"We hereby notify you that building, Twelfth and Olive, leased by your company, will be ready for occu-

pancy May 1, at which time we expect you to take possession as per agreement signed March 25, 1892."

There was evidence tending to show that the building in question was substantially completed on the first of May, 1893, at which time the keys were delivered to defendant, who had before that date been storing its goods in said building and who continued such transfer of its stock thereafter and completed the same, and established its business offices in said building on or about the tenth of June, 1893. The June rentals, and premiums for insurance for that month, were paid by defendant in August, and received by plaintiff without prejudice to her right to demand the rental and premiums for insurance for the month of May, 1893, for which the present suit is brought in two counts, one under the lease and the other for use and occupation.

The answer is a general denial. The cause was tried by the court sitting as a jury, and a verdict and judgment rendered for defendant, and appeal taken.

The court gave all the declarations of law requested by plaintiff, except one; refused all those requested by defendant, and made certain declarations of its own motion.

By the terms of the refused instruction requested by plaintiff, the court was asked to declare in effect that, if the evidence showed that defendant took possession of the building in question on the first of May under the notice given to it by plaintiff that the building would be ready for occupancy on that date, then defendant's liability for rent would begin on said date. It is obvious that this declaration of law could not properly have been made in this case, except upon the theory that the accepted proposal of plaintiff to defendant for the lease of the premises, dated April 23, 1892, and the subsequent agreement between the parties, of date of

May 25, 1892, will bear the construction that the liability of defendant for rents under the lease executed in pursuance of such agreement should arise from the time of possession taken by it of the building, although thirty days had not elapsed after the completion thereof. We do not think that these instuments, either by their terms or read in the light of the circumstances surrounding their execution and the acts of the parties in carrying them out, will bear the interpretation claimed by the learned counsel for the plaintiff. That the documents in question may be considered as one instrument for the purpose of ascertaining the rights of the parties thereto is clear, but no intention can be collected from them taken as a whole which would authorize the court to deviate from the force of the particular expressions found both in the letter of plaintiff proposing the lease, and in the subsequent agreement made by the parties.

In the letter in question the language is: "I will rent you said building when completed, if you will now accept this offer, a lease to be dated and rent to begin in thirty days after the completion thereon." In the subsequent agreement it is said defendant "shall take possession of said building thirty days after it is notified of its completion, and the annexed lease shall then become operative and go into effect." The natural and ordinary meaning of the words used in these two clauses is that rent was to begin in thirty days after the completion of the building, as expressed in the letter of plaintiff to defendant. Nor can any other meaning be accorded to them without disregard of the force of plain and unambiguous language employed in the letter of plaintiff to defendant, accepted by it as a basis of the subsequent agreement of the parties. Read as a part of and in the light of this statement in said letter, the clause of the subsequent agreement between the parties

is equally plain. The clause in so many words requires that possession shall be taken by the lessee of the building "thirty days after it is notified of its completion, and the annexed lease shall then become operative and go into effect." This provision prescribes the time within which possession shall be taken, and fixes that time as the date when the obligation to pay rent shall attach. Hence, it is clear from a consideration of the phraseology of the instruments in question that the obligation of the defendant to pay rent did not attach under the stipulations therein contained until the expiration of the specified time directly expressed in the two instruments themselves. It is not claimed that there is any other clause in either of said instruments, or the contemporaneous blank form of lease signed by the parties, which tends to alter the meaning of the foregoing language. In a case like this, so far as the documents are concerned, there is little, if any, room left for construction, since it is well settled that technical rules of construction can not be resorted to where there is no uncertainty or ambiguity in the language used. *Carr v. Lackland*, 112 Mo. 460.

If there were any ambiguity or uncertainty in the language employed in the foregoing provisions, entitling it to be read in the light of the surrounding circumstances and the acts of the parties as shown in the evidence, still there is nothing in the present record showing, from the situation or acts of the parties, that they had any other intention than what is expressed in the foregoing writings. As was said on this subject by Mr. Greenleaf, when speaking of a construction of writings in the light of surrounding circumstances, the rule is the writing is to be regarded as the "only outward and visible expression of their meaning, *no other words* are to be added to it, or substituted in its stead. The duty

of the court in such cases is to ascertain, not what the parties may have secretly intended, as contradistinguished from what their words express; but what is the meaning of the words they have used." 1 Greenleaf on Evidence, sec. 277; affirmed in *Koehring v. Muemminghoff*, 61 Mo. *loc. cit.* 407; *Sachleben v. Wolfe*, 61 Mo. App. 28.

There was no substantial evidence in the present record tending to prove that the defendant admitted or understood that it was liable for the rent of the building in question before the expiration of thirty days after its completion. It is not pretended by plaintiff that the building was completed before the first day of May; hence there was no right to demand any rent therefor until the expiration of thirty days after such completion stipulated for by the parties. The notice given to defendant prior to the first of May, that the building would be completed on that date, was a substantial compliance with the provision of the contract requiring it to take possession thirty days after notification of the completion of the building. At any rate the fact that a more formal notice was not given by plaintiff can not be urged by her as a waiver by defendant of its right to pay rent only after the expiration of thirty days from the completion of the building. If defendant was satisfied with the notice in question, plaintiff is not in a position to complain.

The declarations of law given by the court of its own motion were in harmony with the views herein expressed. There was ample evidence to sustain its finding. The judgment will, therefore, be affirmed. All concur.