BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1897.

GRAFTON QUARRY COMPANY, Appellant, v. CLAUS
VIETHS, Administrator, Respondent.

St. Louis Court of Appeals, October 26, 1897.

1. **Contract:** CONSTRUCTION. The terms of a valid written contract
are to be construed according to their plain, ordinary and usual sig-
nificance. So, where defendant ordered stone which he took precau-
tions to characterize as "footings," he could only be compelled to
pay therefor the sum named in the contract as the price of "footings."

2. **Custom:** PROOF: INSTRUCTION. Where there was proof of the uni-
versal custom as to estimating the thickness of stone, an instruction
on the issue as to this custom which told the jury that defendant
could not rely upon such custom if it appeared that, in point of fact,
he had received payment for the full thickness of the stone furnished
instead of the customary deduction, was without prejudice to plaintiff.

3. **Instruction.** Nor did the court err in its charge that if the de-
scription of the stone contained in the two clauses of the contract
referred to the same object or thing, defendant, having ordered by
the name to which the lowest price was attached, could only be held
to that extent.

(619)

*Appeal from the St. Louis City Circuit Court.*—Hon. Leroy B. Valliant, Judge.

Affirmed; all the judges concurring; Judge Biggs in the result.

*W. B. Homer* for appellant.

If the contract was ambiguous in its terms, and the ambiguity was resolved by the uncontradicted evidence and surrounding circumstances, it was the duty of the court to declare its meaning. But if the meaning of its terms could not be solved by reference to the surrounding circumstances, then the true interpretation of the contract should have been submitted to the jury. *Deutmann v. Kilpatrick*, 46 Mo. App. 627; *Soap Co. v. Sayers*, 55 *Id.* 19; *Moser v. Lowen*, 48 *Id.* 89; *Mantz v. Maguire*, 52 *Id.* 146.

If in doubt as to the meaning of the contract as made by the bids and orders, the court should have permitted the jury to consider all the surrounding circumstances, and then determine whether the stone in dispute was pier stone, pier footing, or plinth stone for iron columns.

Evidence as to the meaning of the various terms was relevant, if there was any doubt in the mind of the court as to the meaning of such terms. *Long v. Armsby*, 43 Mo. App. 253; *Fruit Co. v. McKinney*, 65 *Id.* 220; *Kimball v. Brawner*, 47 Mo. 398; *Shephard v. R. R.*, 28 *Id.* 373; *Blair v. Corby*, 37 *Id.* 313; *Cotton Compress Co. v. Stanard*, 44 *Id.* 71; *Wolff v. Campbell*, 110 Mo. 119.

The part of the court's instruction relating to the custom of trade was erroneous in several particulars. *Martin v. Ashland*, 49 Mo. App. 31; *Speyer v. Nuen*, 7 *Id.*

588; *Ober v. Carson*, 62 Mo. 209; *Thomas v. Pump Co.*, 28 Mo. App. 563; *Cotton Compress Co. v. Stanard*, *supra*.

Where a custom is relied on it is necessary to plead such special custom. It follows as a corollary that the evidence must support such custom as the same is pleaded. *Hayden v. Grillo*, 42 Mo. App. 1; *Moore v. Kennedy*, 81 Tex. 144; *Gano v. Palo*, 71 *Id.* 99; *Wallace v. Morgan*, 23 Ind. 399; *Governor v. Withers*, 50 Am. Dec. 95; *Automarchi v. Russell*, 63 Ala. 356. See, also, *Glass v. Gelvin*, 8 Mo. 297; *Bank v. Armstrong*, 62 *Id.* 59; *Moffatt v. Conklin*, 35 *Id.* 453; *Wade v. Hardy*, 75 *Id.* 394.

The testimony of a single witness is not, as a matter of law, sufficient to establish the existence of a custom, and where a single witness testifies contrary to a number of witnesses, his evidence is not sufficient to support the allegation of a custom or usage. *Barkley v. Kenney*, 3 Wash. (U. S.) 350; *Price v. White*, 9 Ala. 563; *Halwerson v. Cole*, 1 Spear's L. 321; *Smith v. Rice*, 56 Ala. 417; *Wood v. Hickok*, 2 Wend. 501; *Woolters v. Kauffman*, 67 Tex. 488; *Boardman v. Spooner*, 13 Allen (Mass.), 353; *Robinson v. U. S.*, 13 Wall. 363. See, also, *Long v. Armsby*, 43 Mo. App. 253; *Hail v. Gibbs*, 43 Iowa, 380.

*Hiram J. Grover* for respondent.

BOND, J.—The plaintiff is a corporation engaged in the business of quarrying stone. On the sixteenth of June, 1892, it sent a bid to furnish stone to the defendant's intestate, Claus Vieths, who was a contractor, expecting to obtain a contract for constructing the foundation of a building known as the Planters' House. The bid was in words and figures, to wit:

"St. Louis, June 16, 1892.
*"Mr. Claus Vieths, Contractor, City.*

"Dear Sir:—We will furnish the stone for the Planters' House job, delivered on wagons at the site of the building at the following prices:  For all pier caps and plinth stone for iron columns, fifty cents per cubic foot;  for pier footings and pier stone, eight dollars per perch;  for rubble stone, two and 50-100 dollars per perch.  The above prices to be taken together.

"Very respectfully,

"J. S. Roper, Secretary."

After the reception of this bid Mr. Vieths ordered some stone from the plaintiff, who thereupon ,quarried certain stone and put the same in piles, but did not deliver it, owing 'to a notification by defendant's intestate that a change in architects had been made by the owners of the building, resulting in different plans and specifications for the work of construction.  Plaintiff was told to furnish defendant a list of what had been done under said order and to cease any further quarrying thereunder.  He was further told that if defendant received a contract under the new plans and specifications that plaintiff would be given a chance to make another bid.  Defendant was subsequently awarded a contract for the stone work under the new plans, and thereafter gave plaintiff several written orders for dimension stone of sixteen inches in thickness.  Under these plaintiff furnished dimension stone eighteen inches in thickness, aggregating eight thousand, two hundred and forty seven cubic feet.  Defendant was paid by the owners of the building for this material upon a basis of sixteen inches only in thickness, or in gross seven thousand, three hundred and thirty and two-third cubic feet.  Defendant furnished these measurements of stone to plaintiff, who then demanded payment at fifty cents per cubic foot, claiming a balance due of $2,161.34.

Defendant refused to pay this sum, but offered to pay a balance of $703.29, claiming that was the sum due according to the market price of the stone, whereupon plaintiff brought an action in two counts. The first averred a breach of an express contract to pay for "plinth stone for iron columns, at fifty cents per cubic foot." The second was for the reasonable value of the stone, which was alleged to be the same amount prayed for in the first count. To the first count of the petition defendant pleaded a rescission of the alleged contract. To the second count he pleaded that the market value of the stone, after deducting the credits admitted in the petition, was the sum which defendant offered to pay. He further pleaded to this count a general custom known to the parties that the stone in question should be paid for at the thickness specified in the orders given, to wit, sixteen inches and not according to any actual excess of said thickness. On the trial plaintiff elected to stand on the first count of its petition, abandoning the cause of action set forth in the second count. There was a verdict and judgment for plaintiff for the amount, with interest, alleged in defendant's answer to be due, from which plaintiff appealed to this court.

As plaintiff only submitted to the jury the single issue of the breach of an express contract, its right to recover in this action necessarily depended (aside from the admissions in the answer) upon a favorable verdict on that issue, and also upon such a construction of the written contract as would bring the material furnished within the classification for which the price to be paid was fifty cents per cubic foot. Assuming, therefore, that the alleged contract was not annulled by agreement of the parties, the only question left for decision is, what is the true construction to be placed on its terms and

CONTRACT: construction.

provisions according to the facts and circumstances shown in evidence. By the terms of the contract in question defendant obligated himself to pay plaintiff "for all pier caps and plinth stone for iron columns, fifty cents per cubic foot; for pier footings and pier stone $8 per perch." These two clauses distinguish with clearness and certainty between two classes of material and their respective prices. Hence it is necessary to determine to which class the material sued for belonged. This can be done from the undisputed evidence adduced on the trial. The written orders given for the stone in controversy in defining what was required, used the following language: The first order is for "the following footings," giving measurements. The second order uses these terms: "We want two pieces footing" giving dimensions. The third uses the following language: "We are short the following pier stone for the Planters' House job (giving dimensions) footings." These expressions contained in the orders given by defendant for stone *ex vi termini* mean that sort of stone referred to in the second clause of the bid made by plaintiff where it offered to sell "pier footings and pier stone" at $8 per perch. To argue that they are referable to the first clause of said bid is to deny the terms used, their plain, ordinary and usual significance. Of course, this can not be done. When the defendant ordered stone which he took the precaution to characterize as *footings*, he could only be compelled to pay therefor the sum specified in the contract as the price of footings. To hold otherwise would deprive him of the right to insist upon the performance of an express contract clear and certain in its terms, and validly entered into. The law does not deprive parties of the fruits of such engagements, nor relieve them from the consequences of their stipulations because one of them may have an unexpressed intent or pur-

pose at variance with the reasonable meaning of the language used in the written contract. *Sachleben v. Wolfe,* 61 Mo. App. *loc. cit.* 35; *Patterson v. Mo. Glass Co.,* 63 Mo. App. 173. The plain and definite terms of the contract in suit and the written orders given under it left no room for outside construction. There is not, however, anything in the oral evidence in this case, if it could be resorted to, warranting a different construction of the contract in suit. It is stated by the secretary of the plaintiff that the term "footings" is a generic term embracing all the kinds and qualities of stone mentioned in the bid. If this be conceded it would not help appellant, since the language of the second clause of the bid makes the price of footings $8 per perch and defendant used the term to which that price was affixed and did not employ in his orders the terms "pier caps and plinth stone for iron columns," for which a higher price was demanded. It is apparent, therefore, that the only judgment which the court could have rendered under a proper construction of the contract—treating it as subsisting—was for the amount resulting by computing the price of the stone at $8 per perch, but this was the exact sum for which the verdict was rendered, estimating the stone at sixteen inches in thickness. That this estimate was justified by universal custom, is admitted in the testimony of appellant's witnesses, as well as those for respondent, and the issue as to this custom was submitted to the jury by proper instruction. There is no merit in the objections urged by appellant to the instructions of the court in this case. They were carefully drawn and comprehensively expressed, and being entire in form furnished a much better guide to the triers of the facts than a multitude of separate and disconnected instructions. On the ques-

tion of custom the court, after submitting that issue, told the jury that defendant could not rely upon such custom if it appeared that in point of fact he received pay for the full thickness of the stone furnished instead of the customary deduction. It is evident this direction could not have prejudiced the plaintiff. Neither was there any error in the court's direction that if the description of the stone contained in the two clauses of the contract referred to the same object or

INSTRUCTION.

thing that the defendant having ordered by the name to which the lowest price was attached could only be held to that extent. This rests upon the just principle that if the same thing is called by two. names and different prices are set to each name the buyer who orders it by the name to which the lower price is apportioned can only be held to that extent. The judgment in this case is manifestly for the right party and will be affirmed.

All concur. Judge BIGGS concurs in the result only.